## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL A. SALVATIERRA, D.O., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.  1:23cv152 |
| | : | |
| v. | : | |
| | : | |
| LAKE ERIE COLLEGE OF | : | |
| OSTEOPATHIC MEDICINE (LECOM), | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF REMOVAL

Defendant Millcreek Community Hospital, mistakenly identified in the Complaint as, Lake Erie College of Osteopathic Medicine, ("Millcreek")[1] files this Notice of Removal pursuant to 28 U.S.C. § 1441, based on the District Court's jurisdiction under 28 U.S.C. § 1332.

## Grounds for Removal

1.      Defendant exercises its rights under 28 U.S.C. § 1441 to remove this civil action from the Court of Common Pleas of Erie County, Pennsylvania, in which this action is now pending under the name of *Daniel A. Salvatierra, D.O. v. Lake Erie College of Osteopathic Medicine (LECOM)*, No. 10849-2023 (the "State Action"), to the United States District Court for the Western District of

---

[1] Plaintiff's Complaint alleges breaches of a contract executed by Plaintiff and Millcreek. Millcreek is an affiliate of LECOM Health.

Pennsylvania.  A true and correct copy of Plaintiff's Complaint in the State Action is attached hereto as Exhibit A.

2.      Removal is proper because, as explained below, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3.      28 U.S.C. § 1441, which establishes when an action is removable, sets forth in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 – Diversity of Citizenship.

5.      This is the proper Court for removal because the State Action is pending in the Court of Common Pleas of Erie County, Pennsylvania, a state court within the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a); *id.* § 118(c).

## Amount in Controversy

6.      28 U.S.C. § 1332 states in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interests and costs . . . ."  28 U.S.C. § 1332(a).

7.     Plaintiff's Complaint asserts a claim for breach of contract stemming from Plaintiff's termination from Millcreek's physician residency program. [Compl. ¶¶ 7, 19-42].

8.     The gist of Plaintiff's Complaint alleges that Millcreek improperly terminated Plaintiff from the physician residency program.

9.     Pursuant to the Pennsylvania Rules of Civil Procedure, *see* Pa. R.C.P. No. 1021, Plaintiff alleges damages in the amount of $50 million "representing the total value of all lost future income, reputational damage, emotional distress, and punitive damages[.]"  [Compl. at 17].

10.     Accordingly, the Complaint satisfies the amount in controversy requirement for diversity jurisdiction under § 1332 because the alleged damages Plaintiff seeks exceed $75,000.00.  *See* 28 U.S.C. § 1332.

## Diversity of Citizenship

11.     Subject to the amount in controversy requirement (which is met here), subject-matter jurisdiction exists "where the matter in controversy . . . is between . . . citizens of different states."  *Id.* § 1332(a)(1).

12.     Plaintiff is an individual and a Nevada citizen.  [Compl. ¶ 1].

13.    Defendant Millcreek is a Pennsylvania nonprofit corporation with its principal place of business in Pennsylvania and is therefore a Pennsylvania citizen. [Compl. ¶ 2].[2]

14.    Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 are satisfied here because complete diversity of citizenship exists.

## Removal is Timely

15.    Under 28 U.S.C. § 1446, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."  *Id.* § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the thirty-day removal period begins to run when a defendant is formally served with the Complaint).

16.    Plaintiff filed the State Action Complaint on or about April 13, 2023.

17.    Millcreek was served with the State Action Complaint on April 20, 2023.

18.    As such, this Notice is timely because it has been filed within thirty days from the date when the Complaint was served on Millcreek.

---

[2] Lake Erie College of Osteopathic Medicine is also a Pennsylvania nonprofit entity with its principal place of business in Pennsylvania, and is thus, also a Pennsylvania citizen.

## <u>All Other Procedures for Removal Have Been Satisfied</u>

19.    Millcreek has attached a copy of Plaintiff's Complaint as Exhibit A. This document constitutes all process, pleadings, and orders served on Millcreek in the State Action as of the date this Notice of Removal was filed.  *See* 28 U.S.C. § 1446(a).

20.    All parties have been provided written notice of this Notice of Removal.  *See id.* § 1446(d).  A true and correct copy of the Notice of Notice of Removal and Certificate of Service is attached hereto as Exhibit B.

21.    Millcreek, the only defendant to have been properly joined and served in the State Action, consents to removal as evidenced by the authorized signature of counsel on this Notice of Removal.  *See id*. § 1446(b)(2)(A).

22.    Millcreek will file with the Court of Common Pleas of Erie County, Pennsylvania a copy of this Notice of Removal promptly after filing in this Court. *See id.* § 1446(d).

23.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of Millcreek's right to assert any defense, including, without limitation, by way of a motion to dismiss or any pre-answer motion under Fed. R. Civ. P. 12.

WHEREFORE, Defendant Millcreek Community Hospital, mistakenly identified in the Complaint as Lake Erie College of Osteopathic Medicine,

respectfully requests that this action be removed to the United States District Court for the Western District of Pennsylvania in accordance with 28 U.S.C. § 1441.

Dated: May 18, 2023                        **STEVENS & LEE, P.C.**

                                           By: /s/ *Peter J. Adonizio, Jr.*

                                           Peter J. Adonizio, Jr., Esquire
                                           PA Attorney Id. No. 325990
                                           425 Biden Street, Suite 300
                                           Scranton, PA 18503
                                           Tel:   (570) 969-5372
                                           Fax:  (610) 371-1222
                                           peter.adonizio@stevenslee.com

                                           *Attorney for Defendant*