# EXHIBIT G

# L|E|C|O|M HEALTH
## MILLCREEK COMMUNITY HOSPITAL

5515 PEACH STREET • ERIE, PENNSYLVANIA 16509 (814) 864-4031

March 6, 2020

Victoria Rodia
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
100 Liberty Avenue
Room 1112
Pittsburgh, PA 15222

   RE: Daniel Salvatierra, DO
      Charge Number: 533-2020-00178
      Employer: Millcreek Community Hospital

Dear Ms. Rodia:

This letter, together with attached exhibits and affidavits, will serve as the position statement of the employer, Millcreek Community Hospital, in the above reference matter.

Summary of Employer's Position:

It is our position that Dr. Salvatierra (hereinafter Claimant) who was accepted into our three year internal medicine program, was not offered a contract beyond his first year, because he failed to meet the minimum program standards to the advance within the program.

The record proves Claimant was judged on his performance. The charge that he was discriminated by Employer because of his race, national origin or age is false.

The sole reason the Claimant did not progress in the Residency program was because, although afforded many opportunities, he did not meet or exceed the standards of the program. To allow him to continue would have been a serious breach of the program's standards and would have endangered patient care.

It is also false that Conner Grant, a Caucasian first Resident in his twenties did have disciplinary problems, but they were not associated with a lack of medical knowledge. His issues were with his maturity. Corrective measures proved successful for him, whereas despite the employer's best efforts, attempts to remediate the Claimant were not successful.

Providing total health care since 1950

RE:     Daniel Salvatierra, DO
        Charge Number:     533-2020-00178
        Employer:          Millcreek Community Hospital
Page 2

In the end, the program could not advance the Claimant without abrogating it's standards while putting patient safety at risk.

Evidence

- Affidavit of Dr. Eric Milie: (Exhibit 1) this compressive affidavit outlines is from the program director of the Claimant and Dr. Grant.
- PGY-1 Contract:  Exhibit 2 is the PGY-1 contract signed by the Claimant. You will note that on page 4 of the contract it is clear the Claimant must meet the performance standards of his program director, who in this instance is Dr. Eric Milie. It holds that there is no automatic promotion from one year in the program to the next.
- House Staff Employee Manual: (Exhibit 3) -- this states on pages 5 and 6 the core competencies of our residency programs. It also outlines the due process rights when an adverse decision has been made against a Resident. AT NO TIME DID THE CLAIMANT seek to exercise his due process rights contained in this manual regarding the decision not to renew his contract. His failure to exhaust his administrative rights should be noted.
- Power point presentation called "Patient Named Alice" (Exhibit 4) – this is the power point presentation referenced by Dr. Milie in paragraph 8 of his affidavit.
- Resident Milestone Summary and Resident Milestone Evaluation (Exhibits 5 and 6) – these are the documents referenced in Dr. Milie's affidavit at paragraphs 9 to 11.
- Quarterly Resident Performance Summary (Exhibit 7) – this is the document referenced in Dr. Milie's affidavit at paragraph 12.
- Faculty Member Evaluation of Resident (Exhibit 8) – this is the document referenced in Dr. Milie's affidavit at paragraph 13.
- Medical Education Resident Counseling Form (Exhibit 9) – this document is referenced in Dr. Milie's affidavit at paragraph 14.
- Resident Performance Meeting Notes November 21, 2018 (Exhibit 10) this document summarizes the meeting that took place on November 19, and is referenced at paragraphs 15 and 16 of Dr. Milie's affidavit.
- Report from Dr. Amy Farris – (Exhibit 11) – this document is referenced in Dr. Milie's affidavit at paragraph 18.
- Claimant's Self Evaluation (Exhibit 11A) – reference to this is found at paragraph 17 of Dr. Milie's affidavit.
- Performance follow up meeting 1 (Exhibit 12) – this document attest to the matters presented in Doctor Milie's affidavit at paragraph 19.

RE:   Daniel Salvatierra, DO
      Charge Number:    533-2020-00178
      Employer:         Millcreek Community Hospital
Page 3

- Performance follow up meeting 2 (Exhibit 13) – this document attest to the matters presented in Doctor Milie's affidavit at paragraph 20.
- Program from LECOM's Got Talent (Exhibit 14)
- Contract Addendums (Exhibit 15a) extending Claimant's PGY-1 contract from January 2019 to March 2019, and then the second addendum, (Exhibit 15b) extending Claimant's contract to June 30, 2019.
- Dr. Edward's Affidavit (Exhibit 16), the facts of which are summarized in Dr. Milie's Affidavit at paragraph 23.
- Page 1 of a Report to the Pennsylvania Patient Safety Administration -- The report of our patient safety officer of a type "D" event, which is among the most serious, the facts of which as set forth in Dr. Edwards Affidavit.

The above documentation, narrated by and through Dr. Milie's Affidavit illustrate a individuals who Doctor Milie classified as a **"pleasant young man"** (Exhibit 8) to whom many changes were given – it was suggested he see a professor/administrator at the Medical School, that he do additional readings, that he meet with his program director for individual opportunities to learn, that he reach out to his peers for support. The record shows that the Residency Director did his level best to see that this doctor had a fair shot at making it through PGY-1 to PGY-2. In the five years I have been our Human Resource officer, his is the only contract I can remember was given so many extensions.

How did Claimant respond to the offers? First as Dr. Milie notes in his Affidavit and as the Claimant's Self Evaluation reflects – he was in denial. Second, he did not fully take advantage of the remediation efforts offered to him – he did not take advantage of Dr. Milie's opportunity for individual instruction and training. Finally rather than work harder, he elected to participate in outside and non-essential activities such as the talent show.

In the end he was not permitted to advance because he failed to master for his level the core competency of Medical Knowledge needed to progress.

RE:   Daniel Salvatierra, DO
      Charge Number:   533-2020-00178
      Employer:        Millcreek Community Hospital

Page 4

Finally, any comparison between the Claimant and Dr. Grant fails to show discrimination because Dr. Grant's issues were not based on a lack of medical knowledge. Rather immaturity. Also I can attest that efforts to correct Dr. Grant succeeded and he remains on track to complete his program on time.

I hope this answers any questions you may have and ends this inquiry.

Should you need any additional information, please contact me.

Sincerely,

John A. Onorato, Esq. MBA
Human Resource and Risk Officer