UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. SALVATIERRA, D.O., | : CIVIL ACTION |
| Plaintiff, | : No. 1:23-cv-00152 |
| v. | : |
| LAKE ERIE COLLEGE OF OSTEOPATHIC MEDICINE (LECOM), | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
<u>AMENDED COMPLAINT</u>**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Lake Erie College of Osteopathic Medicine ("LECOM") hereby moves to dismiss Plaintiff Daniel A. Salvatierra, D.O.'s Amended Complaint in its entirety with prejudice.  For the reasons set forth in Defendant's contemporaneously filed Brief in support of this Motion, even after amendment, Plaintiff has failed to state a claim upon which relief can be granted.

Salvatierra's Amended Complaint asserts a breach of contract claim arising from his dismissal from Millcreek Community Hospital's ("Millcreek")[1] internal medicine residency program.  The Amended Complaint, however, fails to plead facts giving rise to a cognizable claim.  Salvatierra alleges that LECOM breached

---

[1] Millcreek and LECOM are sister entities and subsidiaries of LECOM Health.

1

various accreditation requirements of the Accreditation Counsel for Graduate Medical Education ("ACGME"), which he contends constitute a contract among ACGME, LECOM, Salvatierra, and the Centers for Medicare and Medicaid Services ("CMS"). But no such contract exists. The ACGME's accreditation requirements are not a contract. *See, e.g.*, *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 51 F. Supp. 3d 828, 843 (S.D. Ind. 2014) (explaining that ACGME requirements "are akin to regulations established by an administrative body, rather than a contract . . . if [a residency program] fails to substantially comply with ACGME's requirements, ACGME can revoke its accreditation; that would not be a 'breach' of any 'contract' by [the residency program.]")

Rather, Salvatierra's first year internal medicine residency was exclusively governed by the PGY 1-Internal Medicine contract between Salvatierra and Millcreek ("Contract"). The Contract explicitly expired one year after its commencement date and afforded Millcreek the option—but not the obligation—to renew the Contract. In accordance with the terms of the Contract, Millcreek gave Salvatierra over 60 days' notice of Millcreek's decision to not renew the Contract. Because Millcreek properly notified Salvatierra of its non-renewal of the Contract pursuant to its terms, Salvatierra's claim for breach of contract fails as a matter of law. Accordingly, Salvatierra has not stated, and cannot by further amendment state, a claim upon which relief can be granted.

In the alternative, the Court must dismiss Salvatierra's demand for emotional distress and punitive damages because neither are recoverable in a breach of contract action. *See, e.g.*, *Hersh v. CitiMortgage, Inc.*, 16 F. Supp. 3d 566, 575 (W.D. Pa. 2014) (quotation omitted) ("emotional distress damages are generally not recoverable in actions for breach of contract in Pennsylvania[.]"); *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 147 (3d Cir. 2000) (quoting *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. Ct. 1987)) ("punitive damages are not recoverable in an action solely based upon breach of contract.").

WHEREFORE, for the reasons set forth above and in Defendant's Brief, LECOM respectfully requests the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice and without leave for further amendment.

Dated: June 26, 2023          **STEVENS & LEE, P.C.**

By: /s/ *Peter J. Adonizio, Jr.*

Peter J. Adonizio, Jr., Esquire
PA Attorney Id. No. 325990
425 Biden Street, Suite 300
Scranton, PA 18503
Tel:  (570) 969-5372
Fax:  (610) 371-1222
peter.adonizio@stevenslee.com

*Attorney for Defendant*